**Bradley BERRY, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 5–96–CV–1057–BO(3).**

United States District Court, E.D. North Carolina, Western Division.

Dec. 16, 1997.

Richard B. Glazier, Fayetteville, NC, Haral E. Carlin, Beaver, Holt, Richardson, Fayetteville, NC, for Plaintiffs.

## *ORDER*

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on the government's Motion to Dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the government's Motion is GRANTED.

## *BACKGROUND*

The facts of this case are undisputed. On March 23, 1994, the United States Air Force was conducting routine F–16 fighter training exercises out of Pope Air Force Base. At the same time, C–130 Hercules aircraft training missions were also being conducted out of Pope AFB. Specifically, paratroopers from the Fort Bragg Army Base 82nd Airborne Division were on a ramp in the airfield of Pope AFB awaiting pick-up by the C–130s for routine jump training exercises. These training exercises were conducted pursuant to Air Combat Command Regulations, ACCR 51–50. After a ramp door aboard a C–130 malfunctioned, the C–130 obtained permission from Air Force Traffic Control military personnel at Pope AFB control tower and Federal Aviation Administration Air Traffic Control civilian personnel at Fayetteville Approach Control and Washington Center to abort its training mission and return to base. However, the control towers had already cleared for landing an F–16 aircraft. The C–130 collided in mid-air above the airfield with the descending F–16. The F–16 crashed into the ramp on which the paratroopers were awaiting the C–130, causing a massive fire and barrage of wreckage from the plane being torn apart from the impact. As a result, 24 paratroopers died and another 100 sustained injuries.

After their administrative tort claims were denied, eight injured paratroopers and representatives of two deceased paratroopers brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, alleging negligence by both military and civilian air traffic control personnel.

## DISCUSSION

 Military personnel may not sue the federal government under the FTCA for injuries which are sustained "in the course of activity incident to service." *Feres v. United States,* 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Because a tortfeasor's military status is irrelevant, *see United States v. Johnson,* 481 U.S. 681, 686, 107 S.Ct. 2063, 95 L.Ed.2d 648 (1987), the *Feres* doctrine applies with equal preclusive force to negligence suits brought against military and civilian personnel alike. Therefore, the only issue here is whether the injuries arose out of or were sustained during activity incident to plaintiffs' military service. *See Feres,* 340 U.S. at 146, 71 S.Ct. 153.

Plaintiffs do not dispute that the injuries alleged were sustained in the course of their military service and they concede that *Feres* and *Johnson* mandate dismissal of this action. *See* Pl. Mem. at 4. However, plaintiffs argue *Feres* was wrongly decided and should be overruled. Because it is clear that the *Feres* doctrine precludes plaintiffs action and that this Court is without authority to overrule existing Supreme Court law, the government's Motion to Dismiss is hereby GRANTED.

SO ORDERED.